Todd M. Friedman (216752)
Darin Shaw (251037)
Nicholas J. Bontrager (252114)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
dshaw@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PETER OLNEY,** | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT FOR VIOLATION** |
| | ) **OF FEDERAL FAIR DEBT** |
| vs. | ) **COLLECTION PRACTICES ACT;** |
| | ) **ROSENTHAL FAIR DEBT** |
| **ENHANCED RECOVERY** | ) **COLLECTION PRACTICES ACT;** |
| **COMPANY, LLC,** | ) **AND TELEPHONE CONSUMER** |
| | ) **PROTECTION ACT** |
| Defendant. | ) |
| _____ | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code § 1788, *et seq*. (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair

practices. to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq*. (hereinafter "TCPA").

## II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3.  Plaintiff, Peter Olney ("Plaintiff"), is a natural person residing in Stanislaus county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4.  At all relevant times herein, Defendant, Enhanced Recovery Company, LLC ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV.  FACTUAL ALLEGATIONS

5.   At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defend contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6.   Defendant initially contacted Plaintiff by placing collection calls to his place of employment and cellular telephone in connection with an attempt to collect an alleged debt.

7.   On average, Defendant would place at least 2 collection calls a day to both Plaintiff's place of employment and his personal cellular telephone.

8.   On average, Defendant would place at least 10 collection calls a week to Plaintiff's place of employment and his personal cellular telephone.

9.   On several occasions, Defendant would refuse to leave a message and simply hang up the call if Plaintiff did not answer Plaintiff's numerous daily collection calls.

10.   On Several occasions, when calling Plaintiff's personal cellular phone, Defendant would leave a pre-recorded voice message, which at least partially utilized an artificial voice.

11.   Defendant's conduct violated the FDCPA and RFDCPA in multiple ways, including but not limited to:

    a) Contacting and communicating with Plaintiff and times and places known to be inconvenient (§1692c(a)(1));

    b) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

    c) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e)); and

    d) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5)).

12. Defendant conduct violated the TCPA by:

    a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

13. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

# COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

- A. Declaratory judgment that Defendants' conduct violated the FDCPA;
- B. Actual damages;
- C. Statutory damages;
- D. Costs and reasonable attorney's fees; and,
- E. For such other and further relief as may be just and proper.

# COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

16. To the extent that Defendants' actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

- A. Declaratory judgment that Defendant's conduct violated the RFDCPA;
- B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

18. To the extent that Defendant's actions, counted above, violated the TCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the TCPA;

B. Actual damages;

C. Statutory damages for willful and negligent violations;

D. Costs and reasonable attorney's fees,

E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 29th day of March, 2012.

By: s/Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
Attorneys for Plaintiff